13451.   DEAS *v.* JEFFCOAT, administrator.

STEPHENS, J. 1. While an implied promise to pay for services rendered "does not usually arise in cases between very near relatives" (Civil Code of 1910, § 5513), it will nevertheless arise where, from the particular kinship and actual relation between the parties and the circumstances under which the services are rendered, it is inferable that the services are not gratuitously rendered, and both parties so understand.

2. Where the services are rendered to one who is both a stepmother and an aunt of the person rendering them, with the expectation that she will make a will leaving a legacy to the person rendering them, which expectation is based upon her statements to the effect that she intends to do so, and she does actually execute such a will, but the will is afterwards automatically revoked by her marriage, it is a question of fact for the jury whether there was an implied promise on her part to pay to the person rendering the services the reasonable value thereof.

3. In a suit in implied assumpsit to recover the reasonable value of such services, instituted by the person rendering them against the administrator of the person receiving them, where the evidence discloses the above facts, there is no proof of an express contract between the parties, and the plaintiff can not properly be nonsuited upon the ground that the case is not proved as laid.

4. Upon the grounds indicated in paragraph 2 of the syllabus, the evidence adduced made an issue of fact for a jury; and for this reason the trial judge erred in awarding a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
DECIDED MARCH 1, 1923.

Complaint; from city court of Richmond county — Judge Black. February 24, 1922.

*William H. Fleming,* for plaintiff.

*W. Inman Curry,* for defendant.